192

SINCLAIR REFINING COMPANY, as charterer in possession of THE P. W. THIRTLE and as assignee of Bethlehem Steel Company, Libellant-Appellee-Cross-Appellant,

v.

THE MORANIA DOLPHIN, Dolphin Transportation Co. and Morania Oil Tanker Corporation, Claimants-Respondents-Appellants-Cross-Appellees,

and

THE DALZELLEADER and EDNA M. MATTON, Dalzelleader, Inc., Dalzell Towing Company, Inc., and Matton Steamboat Co., Inc., Claimants-Respondents-Impleaded.

No. 74, Docket 25582.

United States Court of Appeals Second Circuit.

Argued Nov. 20, 1959.

Decided Dec. 11, 1959.

Stanley R. Wright, New York City (H. Barton Williams and Burlingham, Hupper & Kennedy, New York City, on the brief), for Sinclair Refining Co., libellant-appellee, cross-appellant.

C. John Dirosse, New York City, for claimants-respondents-appellants-cross-appellees.

Before MEDINA, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

We find it unnecessary to supplement what is said in Judge Weinfeld's excellent opinion on the subject of the fault of the Thirtle. We affirm the decree against the Dolphin on the ground of her statutory fault in passing the Thirtle despite the fact that she received no response to her signal for permission to pass. We agree with Judge Weinfeld that the Dolphin has not sustained the heavy burden of proving that this statutory violation "could not have contributed to the occurrence." The Pennsylvania, 1873, 86 U.S. 125, 136, 22 L. Ed. 148; Great Lakes Dredge & Dock Co. v. The Santiago, 2 Cir., 1946, 155 F. 2d 148, 150, note 7.

Affirmed.