272 F.2d 192
 SINCLAIR REFINING COMPANY, as charterer in possession of THE P. W. THIRTLE and as assignee of Bethlehem Steel Company, Libellant-Appellee-Cross-Appellant,
v.
THE MORANIA DOLPHIN, Dolphin Transportation Co. and Morania Oil Tanker Corporation, Claimants-Respondents-Appellants-Cross-Appellees, and
THE DALZELLEADER and EDNA M. MATTON, Dalzelleader, Inc., Dalzell Towing Company, Inc., and Matton Steamboat Co., Inc., Claimants-Respondents-Impleaded.
 No. 74.
 Docket 25582.
 United States Court of Appeals Second Circuit.
 Argued November 20, 1959.
 Decided December 11, 1959.
 
 Cross-appeals from an interlocutory decree of the United States District Court for the Southern District of New York, in Admiralty; Edward Weinfeld, Judge.
 The S.S. P. W. Thirtle and the M/V Morania Dolphin were approaching the B. & O. Bridge at Elizabethport Reach in the Kill Van Kull, when the M/V Morania Dolphin passed the P. W. Thirtle to starboard and cut across her bow as the two vessels came to a 40° turn to port in the channel. For the damage to the Bethlehem pier, caused by the impact of the S.S. P. W. Thirtle against the pier the trial judge found both vessels to blame and these cross-appeals followed. Opinion below reported at 170 F. Supp. 586.
 Stanley R. Wright, New York City (H. Barton Williams and Burlingham, Hupper & Kennedy, New York City, on the brief), for Sinclair Refining Co., libellant-appellee, cross-appellant.
 C. John Dirosse, New York City, for claimants-respondents-appellants-cross-appellees.
 Before MEDINA, MOORE and FRIENDLY, Circuit Judges.
 PER CURIAM.
 
 
 1
 We find it unnecessary to supplement what is said in Judge Weinfeld's excellent opinion on the subject of the fault of the Thirtle. We affirm the decree against the Dolphin on the ground of her statutory fault in passing the Thirtle despite the fact that she received no response to her signal for permission to pass. We agree with Judge Weinfeld that the Dolphin has not sustained the heavy burden of proving that this statutory violation "could not have contributed to the occurrence." The Pennsylvania, 1873, 86 U.S. 125, 136, 22 L. Ed. 148; Great Lakes Dredge & Dock Co. v. The Santiago, 2 Cir., 1946, 155 F. 2d 148, 150, note 7.
 
 
 2
 Affirmed.